U. S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED

**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

FEB 2 4 2015

Chris R. Johnson, CLERK

BY

DEPUTY CLERK

| | |
|---|---|
| DOUGLAS AND ANGELA MARTIN, | ) |
| | ) |
| | ) |
| Plaintiffs, | ) |
| | ) CIVIL ACTION |
| v. | ) FILE NO.:   15-5051 |
| | ) |
| | ) |
| P.A.M. TRANSPORT INC., an | ) |
| Arkansas Corporation, a.k.a. | ) |
| P.A.M. TRANSPORTATION | ) |
| SERVICES, INC., an Arkansas | ) |
| Corporation, DONALD WAYNE | ) |
| BEASLEY, an individual, CHEROKEE | ) |
| INSURANCE COMPANY, a | ) |
| Michigan Corporation, ABC | ) |
| CORPORATION, XYZ LIMITED | ) |
| PARTNERSHIP, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

Plaintiffs bring this Complaint against the above-named defendants, and show to

the Court:

### Venue, Personal Jurisdiction, Subject Matter Jurisdiction

1.

Plaintiffs, Douglas and Angela Martin are citizens of the State of Georgia and

reside at 3560 Nowlin Road NW, Kennesaw GA 30144-1050.  Plaintiffs are subject to

the jurisdiction of this court by virtue of there being total diversity of citizenship amongst

all parties to this suit and having been involved in an automobile collision caused by a

driver who was working within the course and scope of his employment with an

Arkansas corporation which is subject to the personal jurisdiction of the Arkansas courts.

2.

Defendant P.A.M. Transport, Inc., a.k.a. P.A.M. Transportation Services, Inc. ("P.A.M.") is an Arkansas corporation incorporated under the laws of Arkansas. P.A.M. is registered to do business and transacts business in the State of Arkansas. Defendant P.A.M. is subject to the jurisdiction of this court and may be served by delivering a copy of the summons and complaint on its registered agent, Daniel Cushman, Highway 412 West, Tontitown, Arkansas 72770.

3.

Defendant P.A.M. transacts business in Arkansas in numerous ways, including, but not limited to:  Defendant P.A.M. is incorporated in Arkansas.  Defendant P.A.M.'s headquarters and principal address is in Arkansas.  Defendant P.A.M. has a registered agent in Arkansas.  Defendant P.A.M. conducts business in Arkansas, creating significant revenue for their corporation in Arkansas.  Defendant P.A.M. advertises their services as a common carrier that goes to 48 states, including Arkansas.  Defendant P.A.M. hires and trains drivers and other employees in Arkansas.  It is reasonable for this court to exercise personal jurisdiction over Defendant P.A.M.

4.

On March 4, 2013, Defendant Donald Wayne Beasley ("Beasley") was employed by and driving a tractor-trailer for Defendant P.A.M., within the course and scope of his employment with Defendant P.A.M..  Defendant Beasley is a citizen of the State of Oklahoma, and can be served with summons and complaint at his address which is 9000 154th SE, Noble, Oklahoma 73068.

2

5.

Defendant Beasley, is subject to the personal jurisdiction of this court under the AR ST § 16-4-101. Defendant Beasley, as an employee of P.A.M. an Arkansas corporation, derived most, if not all, of his income on a regular and consistent basis from Arkansas by virtue of being employed by a corporation headquartered in Arkansas. By virtue of that same employment, Defendant Beasley had consistent and regular dealings with Arkansas in the form of reporting to the company, getting instructions, obtaining equipment, and, being provided benefits. It is reasonable for this court to exercise personal jurisdiction over Defendant Beasley. Furthermore, it was reasonably foreseeable, to Defendant Beasley, that when he accepted employment with Defendant P.A.M. that he could be sued in Arkansas courts.

6.

Defendant Cherokee Insurance Company ("Cherokee") is a foreign corporation, existing under the laws of the State of Michigan, with its principal place of business in the State of Michigan, and is authorized to transact business in the State of Arkansas, and may be served by delivering a copy of the summons and complaint to Mark J. Dadabbo at 34200 Mound Road, Sterling Heights, Michigan 48310.

7.

Defendant Cherokee is the insurance carrier for Defendant P.A.M., and for Defendant Beasley for any acts or omissions he commits while within the course and scope of his employment with Defendant P.A.M.

8.

Defendant Cherokee, is subject to the personal jurisdiction of this court under the

AR ST § 16-4-101.  By providing insurance to an Arkansas commercial trucking corporation, Defendant Cherokee derives substantial revenue in Arkansas.   Defendant Cherokee's relationship with Defendant P.A.M. is a persistent course of conduct in ways including, but not limited to, regular receipt of premiums, regular paying of claims, and the regular processing of claims.   It is reasonable for this court to exercise personal jurisdiction over Defendant Cherokee.   Furthermore, it was foreseeable to Defendant Cherokee, that by insuring Defendant P.A.M., they could be sued in Arkansas courts.

9.

There exists complete diversity among the parties:  the Plaintiffs are citizens of and reside in the State of Georgia, Defendant P.A.M. is a corporation incorporated under the laws of Arkansas with its principal place of business in Arkansas.  The automobile collision which is the subject of this litigation, occurred in Florida.  Defendant Beasley (now retired) is a citizen of and resides in the State of Oklahoma.  Defendant Cherokee is a corporation incorporated under the laws of Michigan with its principal place of business in Michigan.  The amount in controversy exceeds $75,000.00, the sum specified in 28 U.S.C. § 1332, exclusive of interest and costs.

10.

Jurisdiction is proper pursuant to 28 U.S.C. Section 1332, and venue is proper in this court.

11.

ABC Corp. is an unknown entity authorized to conduct business in Georgia.

12.

ABC Corp. is a corporation, PA, LLC, LLP, partnership and/or sole practitioner.

13.

Venue is as to proper as to ABC Corp.

14.

XYZ Limited Partnership is an unknown entity authorized to conduct business in Georgia.

15.

XYZ Limited Partnership is a corporation, PA, LLC, LLP, partnership and/or sole practitioner.

16.

Venue is as to proper as to XYZ Limited Partnership.

## FACTS AND CIRCUMSTANCES SURROUNDING COLLISION

17.

On or about March 4, 2013, Defendant Beasley was involved in an automobile collision (hereafter, "Collision") with the Plaintiffs (hereafter, "Plaintiffs".

18.

Just prior to the Collision, Plaintiffs were traveling east on County Road 386 in Panama City, Florida.

19.

Just prior to the Collision, Defendant Beasley was driving his tractor-trailer south on State Road 77.   Defendant Beasley was within the course and scope of his employment with Defendant P.A.M. at the time.

20.

Defendant Beasley ran a red light causing a Collision with Plaintiffs' vehicle.

21.

Defendant Beasley was faulted for the wreck by the investigating officer, and admitted liability for the Collision at the scene of the wreck.

22.

The force of the impact in the Collision was so severe, that Plaintiffs' airbags deployed and their vehicle had to be towed from the scene.

## NEGLIGENCE

23.

Defendant Beasley had a duty to drive his vehicle in a safe manner so as to avoid a Collision.

24.

Defendant Beasley breached that duty by causing a Collision.

25.

Defendant Beasley's breach is the sole and proximate cause of the Collision, which is the subject matter of this action, and which is the source of Plaintiffs' damages.

26.

Defendant Beasley had a duty to keep a proper lookout for cars when operating his vehicle.

27.

Defendant Beasley breached that duty by failing to keep a proper lookout for cars on State Road 77 and County Road 386, which is the subject of this action.

28.

Defendant Beasley's breach is also a proximate cause of the Collision, which is the subject of this action, and which is the source of Plaintiffs' damages.

29.

Defendant Beasley had a duty to exercise ordinary care when operating his vehicle.

30.

Defendant Beasley breached that duty to exercise ordinary care when he T-boned Plaintiffs' vehicle.

31.

Defendant Beasley's breach is also a proximate cause of the Collision, which is the subject of this action, and which is the source of Plaintiffs' damages.

32.

Defendant Beasley had a duty to obey traffic signals so as to avoid a Collision.

33.

Defendant Beasley breached that duty by running a red traffic light and causing a Collision.

34.

Defendant Beasley's breach is a sole and proximate cause of the Collision, which is the subject of this action, and which is the source of Plaintiffs' damages.

35.

Defendant P.A.M. is responsible for the actions and/or omissions and/or inactions of employees, agents or any other person acting on its behalf including, but not limited to, Defendant Beasley.

36.

Defendant P.A.M. had a duty to properly train its employees, including Defendant Beasley, so that those employees were equipped as to how to safely operate their tractor-trailer vehicle.

37.

Defendant P.A.M. breached that duty by failing to properly train its employees, including Defendant Beasley.

38.

Defendant P.A.M.'s breach is the sole and proximate cause of the injuries and damages Plaintiffs suffered in the Collision.

39.

Defendant P.A.M. had a duty to exercise ordinary care in the hiring and firing of its employees, including Defendant Beasley, to ensure to that its drivers were safe to operate tractor-trailer vehicles.

40.

Defendant P.A.M. breached that duty by hiring and/or not firing employees, including Defendant Beasley.

41.

Defendant P.A.M.'s breach is the sole and proximate cause of the injuries and damages Plaintiffs suffered due to the Collision.

42.

ABC Corp. functions as a parent and/or subsidiary of any or all of the named Defendants herein and is, therefore, liable for the actions and/or inactions of those Defendants.

43.

XYZ Limited Partnership is an entity yet-to-be identified to Plaintiffs, but which will be identified by one or all of the Defendants herein as a responsible party in the midst of this litigation.

44.

Defendant(s) committed other acts of negligence, which are both known and unknown at this time, which resulted in injury to Plaintiffs.

45.

Defendant(s) committed other omissions, which are both known and unknown at this time, which resulted in injuries to Plaintiffs.

## **DAMAGES**

46.

As a result of the negligence of Defendants in causing the Collision, Plaintiffs sustained serious injuries requiring medical treatment, including surgery.

47.

As a result of the negligence of the Defendants, Plaintiff Doug Martin incurred

lost wages and eventually lost his job.

48.

As a result of the negligence of the Defendants, Plaintiff Angela Martin incurred

lost wages.

49.

As a result of the negligence of the Defendants, Plaintiff Doug Martin incurred

medical expenses, which are itemized as follows, along with Plaintiff Doug Martin's lost

wage amount and other special damages:

| Provider | Date(s) of Service | Charges |
|---|---|---|
| Bay Medical Center EMS | 3/4/13 | $ 1,448.00 |
| Bay Medical Center | 3/4/13 | $25,505.36 |
| St. Andrews Bay Emergency Physicians | 3/4/13 | $ 1,064.00 |
| Bay Radiology Associates, PA | 3/4/13 | $ 157.00 |
| Marietta Primary Care | 3/6/13 – 2/19/14 | $ 275.00 |
| Wellstar Kennestone Hospital | 3/6/13 - 6/20/13 | $86,455.00 |
| Quantum Radiology | 3/6/13 – 12/18/13 | $ 709.00 |
| Pinnacle Orthopaedics | 3/6/13 – 8/7/14 | $ 6,754.00 |
| Tariq Javed, M.D. | 5/3/13 – 11/13/13 | $69,277.96 |
| Marietta Surgical Center | 5/14/13 | $ 2,061.00 |
| Barrack Spine and Joint Medicine | 5/23/13 | - - - |
| Georgia Anesthesiologists | 6/19/13 | $ 2,890.00 |
| OrthoSport-Wellstar Rehabilitation | 1/14/14 – 6/10/14 | $ 9,702.00 |
| **Total Medical Specials** | | **$206,298.32** |
| **Lost Wages to Date** | | **$132,037.13** |
| **Estimated Future Lost Wages** | | **$734,621.14** |
| **Total Special Damages** | | **$1,072,956.59** |

50.

As a result of the negligence of the Defendants, Plaintiff Angela Martin incurred

medical expenses, which are itemized as follows, along with Plaintiff Angela Martin's

lost wage amount and other special damages:

10

| Provider | Date(s) of Service | Charges |
|---|---|---|
| Bay Medical Center EMS | 3/4/13 | $ 1,460.00 |
| Bay Medical Center | 3/4/13 | $21,415.01 |
| St. Andrews Bay Emergency Physicians | 3/4/13 | $ 1,634.00 |
| Pinnacle Orthopaedics | 3/6/13 – 8/7/14 | $ 6,754.00 |
| MRI and Imaging of Georgia | 4/17/13 | $ 610.00 |
| Marietta Primary Care | 4/29/13 | $ 134.00 |
| Wellstar Kennestone Hospital | 5/2/13 | $ 528.00 |
| Marietta Surgical Center | 5/17/13 | $18,688.00 |
| The Emory Clinic | 5/17/13 | $ 2,210.00 |
| Citizen Med, LLC | 5/17/13 | $11,660.00 |
| Arlene Dees, PT | | $ 3,145.00 |
| Southern Surgical Arts | 3/18/14 – 5/28/14 | $10,937.00 |
| **Total Medical Specials** | | **$79,175.01** |
| **Lost Wages to Date** | | **$42,000.00** |
| **Total Special Damages** | | **$121,175.01** |

51.

As a result of the negligence of Defendants in causing the Collision, Plaintiffs

endured mental suffering and anguish.

52.

Plaintiff Angela Martin has a 25% permanent partial disability rating to the

shoulder and 15% to the whole body.

53.

Plaintiff Douglas Martin has a 13% whole body permanent partial disability

rating.

54.

Plaintiffs' future specials, including ongoing medical expenses and ongoing lost

wages are in an amount yet to be determined.

55.

As a result of Defendants' negligence, Plaintiffs suffered serious personal injury, including, but not limited to, medical expenses, past and present, as well as, physical and mental pain and suffering and lost wages.

56.

As a result of Defendants' negligence, Plaintiffs both suffered loss of consortium damages.

Wherefore:  Plaintiffs respectfully pray:

(a)     For judgment for all out of pocket expenses, health care expenses (past, present, and future), lost wages (past and future) and compensation for job loss and loss of consortium;

(b)     For general damages in favor of Plaintiffs for past, present, and future physical and mental pain and suffering, inconvenience, and inability to labor and fully enjoy life in an amount to be determined by the enlightened conscience of an impartial jury;

(c)     For a trial by jury;

(d)     For attorney's fees and litigation costs;

(d)     For interest on said judgment and costs of this action;

(e)     For further relief as the court finds appropriate.

This 23rd day of February, 2015.

SIGNATURES APPEAR ON NEXT PAGE

MICHAEL J. IVAN
GEORGIA BAR #385115
Attorney for Plaintiff


AMY E. IVAN
Georgia Bar No. 064093
Attorney for Plaintiff


Ivan Law Firm, P.C.
P.O. Box 682765
Marietta, GA  30068
Phone (770) 815-6627
Fax (404) 935-0641
amyivanlaw@yahoo.com
mivanlaw@yahoo.com