IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**DOUGLAS MARTIN et al.**                                                                    **PLAINTIFFS**

**V.**                          **CASE NO. 5:15-CV-5051**

**P.A.M. TRANSPORTATION
SERVS., INC. et al.**                                                                    **DEFENDANTS**

## OPINION AND ORDER

Currently before the Court are Defendant Cherokee Insurance Company's ("Cherokee") Motion to Dismiss Plaintiffs' Complaint (Doc. 9) and Brief in Support (Doc. 10). No response to Cherokee's Motion has been filed. For the reasons below, Cherokee's Motion to Dismiss is **GRANTED**.

Plaintiffs allege in their Complaint (Doc. 1) that on March 4, 2013, they were injured in Florida when Defendant Donald Wayne Beasley drove his tractor-trailer through a red light into their automobile, and that Beasley was acting within the course and scope of his employment with Defendant P.A.M. Transport, Inc. ("P.A.M.") at the time of the collision. Plaintiffs further allege that Cherokee is the insurance carrier for P.A.M., as well as for any acts and omissions committed by Beasley within the scope of his employment by P.A.M. Plaintiffs do not allege any other facts regarding Cherokee, other than those pertaining to personal and subject matter jurisdiction. Cherokee argues that Plaintiffs' claims against it should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6), because Arkansas law does not permit a third party direct action lawsuit against a liability insurance carrier based on the negligence of its insured, and because Plaintiffs have not alleged facts to support any cause of action against Cherokee.

1

To survive a motion to dismiss under Rule 12(b)(6), a pleading must provide "a short and plain statement of the claim that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of this requirement is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The Court must accept as true all factual allegations set forth in the Complaint by Plaintiff, drawing all reasonable inferences in Plaintiff's favor. *See Ashley Cty., Ark. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009).

However, the Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Id.* (internal citations and alterations omitted) (quoting *Twombly*, 550 U.S. at 555, 557). In other words, "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555).

In a diversity action the Court must apply the choice-of-law doctrine of the forum state, which in this case is Arkansas. *See Miller v. Pilgrim's Pride Corp.*, 366 F.3d 672, 673-74 (8th Cir. 2004). Under Arkansas choice-of-law principles, the governing law is determined through application of the *lex loci delicti* rule as modified by a five-factor test.

See *Gomez v. ITT Educ. Servs., Inc.*, 348 Ark. 69, 76-77 (2002). However, since the laws of both Arkansas and Florida prohibit direct actions against liability insurers before a settlement or verdict against the insured is obtained, *see Nat'l Sec. Fire & Cas. Co. v. Poskey*, 309 Ark. 206, 208 (1992); Fla. Stat. § 627.4136, the Court does not need to determine at this time which state's laws govern this action. And since Plaintiffs have not alleged any facts concerning Cherokee beyond its status as liability insurance carrier for P.A.M. and Beasley, Plaintiffs have failed to state a cause of action against Cherokee. Accordingly, dismissal is proper under Rule 12(b)(6).

**IT IS THEREFORE ORDERED** that Defendant Cherokee Insurance Company's Motion to Dismiss Plaintiffs' Complaint (Doc. 9) is **GRANTED**, and all claims against Cherokee are **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED** on this 7th day of May, 2015.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE

3